**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Medical Savings Plan; Midwest Operating Engineers Pension Trust Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO, | ) | Case No. |
| Plaintiffs, | ) | Judge:<br>Magistrate Judge: |
| v. | ) | |
| ASE Illini-Scapes Inc., an Illinois corporation, | ) | |
| Defendant. | ) | |

**<u>COMPLAINT</u>**

Plaintiffs Midwest Operating Engineers Welfare Fund, Medical Savings Plan, Midwest Operating Engineers Pension Trust Fund, Local 150 IUOE Vacation Savings Plan (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), bring this action to collect contributions and dues from Defendant ASE Illini-Scapes Inc., an Illinois corporation ("ASE" or "the Company").

## <u>COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS</u>

### Facts Common to All Counts

1. Local 150 is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant ASE is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5); and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Oswego, Illinois.

3. In its corporate filings with the State of Illinois, ASE identified Alex Schuster as President (Exhibit A).

4. On January 1, 2013, ASE, through Company President Alex Schuster, signed a Memorandum of Agreement (Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Landscape Construction Labor Agreement (Equipment Operators) between Local 150 and the Illinois Landscape Contractors Bargaining Association (excerpts attached as Exhibit C).

5. On January 1, 2013, ASE, through Company President Alex Schuster, signed a Memorandum of Agreement (Exhibit D) with the Union that adopted the terms of a CBA known as the Landscape Construction Labor Agreement (Plantsmen/Installers) between Local 150 and the Illinois Landscape Contractors Bargaining Association (excerpts attached as Exhibit E).

6. The CBAs and the Agreements and Declarations of Trust incorporated therein require ASE to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

7. The CBA and Trust Agreements specifically require ASE to:

(a) submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of 10 percent of untimely contributions, or 20 percent of such contributions should the Funds be required to file suit;

(c) pay interest to compensate the Funds for the loss of investment income;

(d) make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting;

(e) pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified or where the Funds refer the Employer's account to counsel;

(f) pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(g) furnish to the Funds a bond in an amount acceptable to the Funds;

(h) pay the Funds an audit non-compliance fee of $110.00 per fund for each business day that requested audit documents are not produced, beginning 21 days from the demand for such documents.

8. The CBAs also require ASE to make contributions to CRF. CRF is a labor-management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). The CBAs place the same obligations on ASE with respect to CRF as it does the Funds.

9. The CBAs further require ASE to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where ASE does not do so, the Union is entitled to liquidated damages, attorneys' fees, and any other cost of collection.

10. ASE has become delinquent in the submission of its reports and contributions due the Funds and CRF and reports and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

**Jurisdiction and Venue**

11. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. § 1331, because ERISA is a federal statute.

12. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds are administered in Cook County, Illinois.

**Allegations of Violations**

13. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Where an employer fails to submit contribution reports and contributions timely, ERISA explicitly authorizes the Funds to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs. 29 U.S.C. § 1132 (g).

15. ERISA permits the Funds to seek and the Court to award "such legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132 (g)(2). The entitlement to equitable relief permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due and/or estimate the amounts due. The entitlement to legal relief permits the Funds to recover auditors' fees and any accrued audit non-compliance fees from uncooperative employers.

16. ASE has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

17. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by ASE, there is a total of $5,914.90 known to be due the Funds from ASE, before the assessment of fees and costs, and subject to the possibility that

additional contributions, liquidated damages, interest, auditors' fees, and/or audit non-compliance fees will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

(a) enter judgment in favor of the Funds and against ASE for all unpaid contributions as identified in ASE's contribution reports;

(b) enjoin ASE to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

(c) enjoin ASE at the Funds' option to submit to an audit of its payroll books and records in order to determine whether ASE owes additional sums to the Funds and pay the costs of such an audit; or alternatively, at the Funds' option, require ASE to pay any contributions reasonably estimated to be due by the Funds for the period when ASE failed and refused to timely submit contribution reports;

(d) enter judgment against ASE and in favor of the Funds for liquidated damages, interest, attorneys' fees, and costs associated with all delinquent contributions and any auditors' fees or audit non-compliance fees that are due and owing;

(e) provide the Funds with such further relief as may be deemed just and equitable by the Court, all at ASE's cost.

## COUNT II. SUIT TO COLLECT CRF CONTRIBUTIONS

1-10. CRF re-alleges and incorporates herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### Jurisdiction and Venue

11. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

12. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

**Allegations of Violations**

13. ASE has not submitted all of its contribution reports to CRF. ASE has failed to make timely payment of all contributions acknowledged to be due according to ASE's own contribution reports and the collective bargaining agreement, and ASE has failed to pay interest and liquidated damages required by the CBAs. Accordingly, ASE is in breach of its obligations to the CRF under the CBAs.

14. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by ASE, there is a total of $57.87 known to be due to CRF from ASE subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

(a) order ASE to submit all delinquent monthly contribution reports;

(b) enter judgment in favor of CRF and against ASE for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees, and costs, including any amounts estimated to be due in view of ASE's failure to submit all contribution reports required by the CBAs;

(c) enjoin ASE to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

(d) award CRF such further relief as may be deemed just and equitable by the Court, all at ASE's cost.

**COUNT III. SUIT TO COLLECT UNION DUES**

1-10. The Union re-alleges and incorporates herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

**Jurisdiction and Venue**

11. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

12. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties, and the Union's principal office is located within the geographic jurisdiction of this Court.

**Allegations of Violations**

13. ASE has not submitted all of its dues reports to the Union. ASE has failed to make timely payment of all dues acknowledged to be due according to ASE's own reports and the CBAs. ASE is required to pay liquidated damages by the CBAs. Accordingly, ASE is in breach of its obligations to the Union under the CBAs.

14. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by ASE, there is a total of $731.65 known to be due to the Union from ASE before the assessment of fees and costs subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

(a) order ASE to submit all delinquent monthly dues reports;

(b) enter judgment in favor of the Union and against ASE for all unpaid dues, liquidated damages, and the Union's reasonable attorneys' fees and costs, including any amounts estimated to be due because ASE failed to submit all dues reports required by the CBAs;

(c) enjoin ASE to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs;

(d) award the Union such further relief as may be deemed just and equitable by the Court, all at ASE's cost.

Dated: September 29, 2026

Respectfully submitted,

By: /s/ Robert A. Paszta
One of the Attorneys for Plaintiffs

Attorneys for the Funds and CRF:
Robert A. Paszta *(rpaszta@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph. 708/579-6657
Fx. 708/588-1647

Attorneys for Local 150:
Dale D. Pierson *(dpierson@local150.org)*
Robert A. Paszta *(rpaszta@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph. 708/579-6663
Fx. 708/588-1647